[15032.  Department One — July 14, 1893.]

JOSEPHINE L. McCOY, Respondent, v. THOMAS C. VAN NESS, Appellant.

Action upon Judgment — Proof of Service of Summons. — In an action upon a judgment, where the judgment-roll introduced in evidence showed that both the default entered by the clerk and the judgment recited that the defendant therein was "regularly served with process," and that the affidavit of service of summons stated that the summons was personally served upon the defendant, and where the defendant himself admitted that he had been served with a paper which purported to be a copy of the summons, and a paper which purported to be a copy of the complaint, and that he could not deny that he was served on the day stated in the affidavit of service, the service of summons upon the defendant is sufficiently shown.

Appeal from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Horace G. Platt*, for Appellant.

*James L. Crittenden*, for Respondent.

Paterson, J. — One Hardesty recovered a judgment against the defendant on October 28, 1885, for the sum of $17,548.19. The judgment was assigned by him to one McClung, and by the latter assigned to this plaintiff, who thereafter brought this action to recover the amount due on the judgment.

The only point made by the appellant on this appeal is that the plaintiff failed to show at the trial that the summons in *Hardesty* v. *Van Ness* was served upon the defendant therein.

There is no merit in this contention. The judgment-roll in that case, which was introduced in evidence, contains the default entered by the clerk, the complaint, the summons, with the return thereon, and the judgment and certificate of the clerk thereto. Both the default and the judgment recite that the defendant therein was "regularly served with process." These recitals are sufficient of themselves, in the absence of any showing to the contrary. But in addition to this evidence, the affidavit of service states that the summons attached to a copy of the complaint was personally served upon the defendant on the fourteenth day of August, 1885, and the defendant himself admitted that he had been served with a paper which purported to be a copy of the summons, and a paper which pur-

ported to be a copy of the complaint in that action, and that he could not deny that he was served by Mr. Richardson on the day stated in the affidavit of the latter, which is annexed to the judgment-roll.

Judgment and order affirmed.

GAROUTTE, J., and HARRISON, J., concurred.